**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **BRYAN CHAMBERS,** | CASE NO. 3:25 CV 1532 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ROBERT WILCOX, et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### INTRODUCTION

*Pro se* Plaintiff Bryan Chambers, an Ohio prisoner, filed a fee-paid civil rights complaint under 42 U.S.C. § 1983 against the City of Toledo; Chief of Police Mike Troendle; Detective Linda Faurer; Officer Karie Hayes; and retired Officer Robert Wilcox. (Doc. 1). Plaintiff seeks monetary relief. *Id.* at 6. For the reasons set forth below, the Court finds this case must be dismissed pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

Plaintiff's brief Complaint contains very few facts. It appears, however, that Plaintiff is challenging his conviction in his state criminal case. He claims that in October 2022, Officer Wilcox performed an illegal search and seizure, Officer Hayes "performed the procedural due process," Detective Faurer did not read Plaintiff his Miranda rights, and the City of Toledo is responsible for the officers' actions as "their bosses." (Doc. 1, at 5). The civil cover sheet attached to the Complaint identifies Case No. CR202202751 as a "related case." (Doc. 1-1).

Public records indicate Plaintiff was convicted in 2023 of kidnapping and felonious assault, and he was sentenced to a 15-year maximum prison term. *See State of Ohio v. Bryan Chambers*, No. CR-0202202751-000-D1 (Lucas Cnty. Ct. of Common Pleas) (case originally filed Oct. 17, 2022).[1] Plaintiff appealed his convictions to the Ohio Court of Appeals, claiming the trial court improperly excluded evidence that he was reasonably disciplining his son, there was insufficient evidence to support his convictions, and the court should have merged his convictions at sentencing. *See State v. Chambers*, 2024-Ohio-3341, at ¶ 1 (Ohio Ct. App.). The state cross-appealed, claiming the trial court erroneously imposed a definite prison term for a qualifying second-degree felony instead of the statutorily required indefinite prison term. *Id.* The Sixth District Court of Appeals affirmed Plaintiff's convictions but reversed and remanded the case for sentencing, holding that the trial court erred by failing to impose a stated minimum prison term for the felonious assault conviction. *See id.* at ¶ 215. On remand, the state trial court imposed a minimum prison term of ten years and a maximum prison term of fifteen years on the felonious assault conviction. *See State of Ohio v. Bryan Chambers*, No. CR-0202202751-000-D1 (judgment entry dated October 23, 2024) Additionally, the state court denied Plaintiff's petition for postconviction relief. *See id.* (judgment entry dated June 20, 2025).

## STANDARD OF REVIEW

Plaintiff's status as a prisoner requires that the Court screen the complaint under 28 U.S.C. § 1915A regardless of whether the filing fee was paid. *See Lacoss v. Engler*, 234 F.3d 1268 (table) (6th Cir. 2000) (first citing 28 U.S.C. § 1915A; then citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)) ("[A]ll complaints filed by prisoners against state officials, whether or not

---

1. This Court may take judicial notice of the state court proceedings. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999) (citing *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (collecting cases).).

they are proceeding *in forma pauperis*, are subject to *sua sponte* dismissal for failure to state a claim."); *Siller v. Dean*, 205 F.3d 1341 (table) (6th Cir. 2000) (finding district court improperly dismissed fee-paid prisoner civil rights case pursuant to § 1915(e)(2)(B) but affirming district court's judgment because the complaint was properly subject to dismissal pursuant to § 1915A).

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, or officer or employee of a governmental entity, as soon as possible after docketing if the Court concludes that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

A frivolous case "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (quoting *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the dismissal standard articulated in *Iqbal* and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915A).

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The courts, however, are not required to "conjure up unpleaded facts" or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

3

**DISCUSSION**

The Court finds that Plaintiff's Complaint warrants summary dismissal under § 1915A. Plaintiff cannot collaterally attack his criminal conviction in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court ruled that a prisoner cannot bring a civil rights action directly challenging his confinement, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. A prisoner may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See id.*; *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Ibrahim v. U.S. Parole Bd. Members,* 80 F. App'x 421, 422 (6th Cir.2003) ("*Heck* applies whether the plaintiff seeks injunctive or monetary relief."); *Wilson v. Kinkela*, 145 F.3d 1335 (table) (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, Plaintiff appears to claim Defendants conducted an illegal search and seizure and failed to read him his *Miranda* rights before questioning. If Plaintiff's claims have merit, it would necessarily imply the invalidity of his conviction in his criminal case. And there is no suggestion in his Complaint that his conviction has been set aside or his sentence has been invalidated in any of the ways articulated in *Heck*. Indeed, the Ohio Court of Appeals affirmed Plaintiff's convictions and the state trial court re-sentenced Plaintiff pursuant to the mandate of the appellate court. The trial court further denied Plaintiff's petition for postconviction relief. Plaintiff's Complaint must

therefore be dismissed. *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (stating that in the absence of a showing that the state court conviction was reversed on direct appeal or otherwise declared invalid, any complaint for damages must be dismissed) (citing *Heck*, 512 U.S. at 486-87).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915A; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2025